# United States District Court
# for the Southern District of Georgia
# Brunswick Division

UNITED STATES OF AMERICA,

v.

DEDRICK JEDELL WILKERSON,

    Defendant.

CR 214-014-2

## ORDER

Before the Court is Defendant Dedrick Wilkerson's motion for compassionate release pursuant to 18 U.S.C. 3582(c)(1)(A), as amended by the First Step Act. Dkt. Nos. 400, 401. For the reasons below, Wilkerson's motion is **DENIED**.

### BACKGROUND

On April 28, 2015, Wilkerson was sentenced to a total term of 151 months' imprisonment after pleading guilty to one count of conspiracy to possess with intent to distribute, and to distribute, quantities of cocaine and cocaine base (both Schedule II controlled substances), and 1,3 Methylenedioxy-N-Methylcathinone ("Molly") (a Schedule I controlled substance), in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C) and 846. Dkt. Nos. 243, 254, 329. Wilkerson did not appeal. Now Wilkerson has filed a motion for compassionate release. Dkt. Nos. 400, 401.

According to the Bureau of Prisons ("BOP") website, Wilkerson is being housed at FCI Seagoville in Seagoville, Texas, and has a release date of February 9, 2024.

**LEGAL AUTHORITY**

Compassionate release is governed by 18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act on December 21, 2018. That statute reads, in pertinent part:

> (c) Modification of an imposed term of imprisonment.—
> The court may not modify a term of imprisonment once it has been imposed except that--
>
> (1) in any case--
>
>> (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that--
>
>> (i) extraordinary and compelling reasons warrant such a reduction; . . .
>
>> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission[.]

In application note 1 to the policy statement, § 1B1.13, the Commission identifies the "extraordinary and compelling reasons" that may justify compassionate release. See United States v. Wilkes, 464 F.3d 1240, 1245 (11th Cir. 2006) ("Commentary and Application Notes of the Sentencing Guidelines are binding on the courts unless they contradict the plain meaning of the text of the Guidelines." (internal quotation marks omitted)). The note provides as follows:

1. Extraordinary and Compelling Reasons.—Provided the defendant meets the requirements of subdivision (2) [regarding absence of danger to the community], extraordinary and compelling reasons exist under any of the circumstances set forth below:

(A) Medical Condition of the Defendant.—

(i) The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.

(ii) The defendant is—

  (I) suffering from a serious physical or medical condition,

  (II) suffering from a serious functional or cognitive impairment, or

  (III) experiencing deteriorating physical or mental health because of the aging process,

that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

(B) Age of the Defendant.—The defendant (i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less.

(C) Family Circumstances.—

 (i) The death or incapacitation of the caregiver of the defendant's minor child or minor children.

 (ii) The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.

(D) Other Reasons.—As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C).

Even if a defendant can show extraordinary and compelling reasons for compassionate release, the Court may not grant release unless it finds:

The defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g); and

The reduction is consistent with this policy statement. Policy Statement, U.S.S.G. § 1B1.13(2)-(3).

Finally, before granting release, the Court must consider the factors listed in 18 § U.S.C. 3553(a):

(1) the nature and circumstances of the offense and the history and characteristics of the defendant;

(2) the need for the sentence imposed--

(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

(B) to afford adequate deterrence to criminal conduct;

(C) to protect the public from further crimes of the defendant; and

(D) to provide the defendant with needed educational or vocational training, medical care,

5

or other correctional treatment in the most effective manner;

(3) the kinds of sentences available;

(4) the kinds of sentence and the sentencing range established for--

>  (A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines . . .

(5) any pertinent policy statement--

>  (A) issued by the Sentencing Commission pursuant to section 994(a)(2) of title 28, United States Code, subject to any amendments made to such policy statement by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28); and
>
>  (B) that, except as provided in section 3742(g), is in effect on the date the defendant is sentenced.

(6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

(7) the need to provide restitution to any victims of the offense.

## DISCUSSION

Wilkerson moves the Court for compassionate release pursuant to 18 U.S.C. § 3582(c). Dkt. No. 400.

### I.   Exhaustion of Administrative Remedies

Generally, before a prisoner can file a motion under 18 U.S.C. § 3582, he must first have "fully exhausted all

6

administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on [his] behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." Id. § 3582(c)(1)(A). In his motion to the Court, Wilkerson does not aver that he has exhausted his administrative remedies by submitting a compassionate release request to the BOP. The Government, however, confirmed with the BOP that it had received a compassionate release request from Wilkerson and that it had denied Wilkerson's request on April 10, 2020. Dkt. No. 402 at 5-6 n.4. The Government thus concedes that Wilkerson has exhausted his administrative remedies. Id.

## II. Extraordinary and Compelling Reasons

A defendant has the burden to show circumstances meeting the test for compassionate release. United States v. Willingham, No. CR 113-010-1, 2020 WL 2843223, at *2 (S.D. Ga. June 1, 2020); see generally, United States v. Hamilton, 715 F.3d 328, 337 (11th Cir. 2013); United States v. Saldana, 807 F. App'x 816, 820 (10th Cir. 2020) ("[O]ur cases require the movant to show that § 3582(c) authorizes relief for the court to have jurisdiction."). In his motion before the Court, Wilkerson cites medical conditions, including diabetes and COPD, as the bases for his compassionate release. Dkt. No. 400 at 3.

Attached to the Government's response in opposition to Wilkerson's motion are his medical records. Dkt. Nos. 402-4. Those records confirm Wilkerson's history of diabetes, but not COPD. Indeed, his pulmonary function is consistently normal; in March 2020 when Wilkerson complained of coughing, his pulmonary function was within normal limits during the medical exam. Wilkerson's medical records do not reflect that he has difficulty engaging in self-care within the BOP facility. The Government notes, however, that diabetes is recognized by the CDC as a condition placing a person at increased risk of severe illness from COVID-19. Dkt. No. 402 at 12-13. Ultimately, the Government concedes that, in light of COVID-19, Wilkerson's diabetes qualifies as an "extraordinary and compelling reason," such that it presents "a serious physical or medical condition . . . that substantially diminishes [his ability] to provide self-care within the environment of a correctional facility and from which he . . . is not expected to recover." See id. at 13; U.S.S.G. § 1B1.13 cmt. n.1(A)(ii)(I)). However, the Government challenges Wilkerson's assertion that the BOP is not taking adequate measures to prevent the spread of COVID-19, as well as Wilkerson's contention that he would be better off at home rather than in BOP custody. Id. at 14-15.

At the time the Government submitted its brief in opposition to Wilkerson's motion, there were confirmed active

cases of COVID-19 among 282 inmates and three staff members at FCI Seagoville where Wilkerson is incarcerated. According to the BOP website as of July 24, 2020, those numbers rose to 1,259 inmates and nine staff members. See bop.gov/coronavirus/. The Court has reviewed Wilkerson's motion, the Government's response, and Wilkerson's medical records. Whether Wilkerson has met his burden of showing "extraordinary and compelling reasons" for compassionate release is a close call in light of COVID-19. As such, the Court will assume, without deciding, that Wilkerson's ability to provide self-care against serious injury or death as a result of COVID-19 is substantially diminished by his chronic medical condition and sets forth an extraordinary and compelling reason for purposes of 18 U.S.C. § 3582(c).

**III. Title 18 U.S.C. §§ 3142(g) and 3553 Factors**

Assuming that Wilkerson has shown an extraordinary and compelling reason for compassionate release, the Court must now examine the factors set forth in 18 U.S.C. §§ 3142(g) and 3553(a). With regard to the § 3142(g) analysis, the Court must determine whether Wilkerson is "a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g) . . . ." U.S.S.G. § 1B1.13(2). This includes considering Wilkerson's character, physical and mental condition; his past conduct; his criminal history; and whether,

9

at the time of the offense, he was on probation or parole. See 18 U.S.C. § 3142(g)(3). The Court must also consider "the nature and seriousness of the danger to any person or the community that would be posed by [Wilkerson's] release." Id. § 3142(g)(4). Before release can be granted, the Court must also continue to evaluate the factors under § 3553(a), "which include the history and characteristics of the defendant, the nature and circumstances of the offense, the seriousness of the offense, the promotion of respect for the law, just punishment for the offense, . . . deterrence to criminal conduct, and protection of the public from further crimes by the defendant." United States v. Schmidt, 930 F.3d 858, 862 (7th Cir. 2019) (quotation marks omitted).

The Government argues that Wilkerson has not met his burden to show that he qualifies for release under § 3582(c)(1) and urges the Court to use its discretion to deny Wilkerson's motion. Dkt. No. 402 at 13. In support of its opposition, the Government points out that Wilkerson's was a leader in a drug trafficking conspiracy which involved at least eight other people and spanned at least two years. Id.

Again, it is Wilkerson's burden to prove he qualifies for compassionate release. Willingham, 2020 WL 2843223, at *2. Though he might have shown that his medical condition qualifies as "extraordinary and compelling reasons," he has not shown the

10

Court that the § 3142(g) and the § 3553 factors support his release. The Court commends Wilkerson for completing educational courses and other programs provided by the BOP and maintaining a clear disciplinary record. See Dkt. No. 405 at 3, 4. His efforts since his sentencing, however, do not dissolve the seriousness of his offense. He is forty-two years old and has served roughly seventy-three months of his 151-month sentence. Moreover, he had a significant criminal history before he was charged in this case. To grant Wilkerson compassionate release at this juncture would not reflect the seriousness of his crime, promote respect for the law, provide just punishment for the offense, nor afford general or specific deterrence for similar offenses. Accordingly, the Court uses its discretion to **DENY** Wilkerson's release.[1]

## CONCLUSION

For all of these reasons, Wilkerson's motion for compassionate release, dkt. nos. 400, 401, is **DENIED**.

---

[1] To the extent Wilkerson requests home confinement rather than compassionate release, his motion is **DISMISSED** for lack of jurisdiction. See Austin v. Woods, No. 19-7, 2019 WL 2417654, at *4 (M.D. Ala. May 17, 2019) ("Under the First Step Act, as amended, the Attorney General—and by delegation the BOP—has exclusive authority and sole discretion to designate the place of an inmate's confinement.").

SO ORDERED, this 27 day of July, 2020.

*[signature]*

HON. LISA GODBEY WOOD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA